CITY OF COVINGTON *v.* HENRY DRUMMON.

**Set-Off and Counterclaim—Counterclaim—Damages by City.**
In an action by a contractor for street improvements, the city has the right to counterclaim damages for breach of the improvement contract.

**Municipal Corporations—Improvements—Liability of City.**
If a contract for street improvements is so drawn as not to bind the property owners, the city becomes liable therefor.

APPEAL FROM KENTON CIRCUIT COURT.

April 21, 1874.

OPINION BY JUDGE PRYOR:

If the right of recovery on the part of Drummon depends upon the approval and acceptance of his work by the city council, it is clear he has shown no cause of action. That body has refused to take any step by which the property-holders can be made to pay, for the reason, as they insist, that Drummon has failed to comply with his contract. The latter has no remedy against the taxpayer; and if appellant's contention of the writing be correct, he can maintain no action against the city, until he shows not only that he has complied with his agreement, but that the city council has refused to

obtain his money. This would no doubt be the correct interpretation of the terms of the agreement, but for the clause providing a remedy by which the city is made secure, and the appellee subjected to the payment of liquidated damages to a large amount, in the event of a non-compliance on his part with the stipulations of the contract. The evidence in the case, upon the question of performance by the appellee, is conflicting; but it would be a harsh rule of construction that would authorize a court to say to the jury that, by the terms of the writing, if the terms had not been complied with and the work not accepted by the council, no recovery could be had, thereby denying the appellee any compensation whatever for his labor.

Such was not the intention of the parties; nor is it the spirit and meaning of the contract declared on. It is true that Drummon agreed that he would claim no compensation until the work is received by the council, and that, upon his failure to comply, he will forfeit all claim for work and labor already done. He has expended several thousand dollars on the improvement, and it is doubtful whether a court of law, if there was nothing else in this case, would, under such a contract and with such proof, deny all relief by adjudging a forfeiture.

The agreement further provides that if this forfeiture shall result, the city at its option may go on and complete the work, making Drummon responsible for all the additional expense, with 20 per cent. added thereon. The measure of damages being difficult to ascertain, or, at least, the real damage sustained by the city in the event of a failure to comply, being indefinite and uncertain, the parties, by the express terms of the contract fixed a criterion of damages for the broken covenant that could be easily arrived at; and the twenty per cent. should be regarded, not as a penalty, but as liquidated damages. The damages by this agreement to be paid by Drummon if he fails to comply, amounts to all the expenses incurred by the city in completing the work, together with 20 per cent. thereon; and the parties should be compelled to adjust their claims upon the terms and in the manner provided by the agreement. The appellant, by its own action, has given the proper construction to the writing in adopting the report of the committee appointed to examine the work. This report was concurred in, and Drummon notified that upon his failure to progress with the work, or complete it as he had contracted to do, the council would advertise for proposals to complete the work, or take legal steps to make the contractor comply

with the contract. If the council had let this work to others for completion in the manner they insisted it should be, or if they had instituted an action against Drummon for failing to comply, the criterion of damages would have been, in either case, regulated by the terms of the contract.

This being the construction by the council, and, we think, the true one, and Drummon having brought the action instead of the city, the latter has its remedy by way of counterclaim against Drummon to recover damages, or, in the absence of a counterclaim, the latter recovery, in the event he fails to show his compliance, must be learned by the damages the city may have sustained. We do not adjudge whether or not the contract has been performed by the appellee. This is a question for the jury alone, and in regard to which no opinion is expressed.

It may be said that if a recovery can be had by Drummon upon a *quantum meruit,* or by the terms of the contract, although it is not complied with, the city is without remedy against the property-holder. This may be the result, but if so, it originates from the manner in which the contract is executed. It is the duty of the city to improve the streets, and if a contract is made so as not to bind the property owner upon certain writings, the city then becomes liable.

The only defense relied on by the appellant is, that the appellee failed to complete the work and to have the following instructions embody the law of the case: The jury should be told, first, that if Drummon has completed the work in accordance with the contract he is entitled to recover the contract price. Second, that although he may have failed to comply with his contract, still they must find for him the contract price for so much of the work as they may find from the evidence, has been made in accordance with the contract; and for such of the improvement as they may find was not completed according to contract, they will find for the plaintiff, its value to be estimated by the contract price less the damages the defendant has sustained. Third, that in estimating the damages they must ascertain the amount necessary to complete the work in the manner provided by the terms of the agreement, and add twenty per cent. thereon, and take this sum from the contract price, and the balance, if any, will be the recovery by the plaintiff. The jury may or may not allow interest at their discretion should they find for Drummon.

For the reasons indicated the judgment is reversed and cause re-

manded with directions to award a new trial, and for further proceedings consistent with this opinion.

*Benton & Benton, J. P. Harrison, for appellant.*

*Carlisle, Foote, Pryor, for appellee.*